

\*\*Original filed 5/1/07\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. ROGERS, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> DARREL G. ADAMS, Warden, ) <br> ) <br> Respondent. ) <br> _____ ) | No. C 05-0069 JF (PR) <br><br> PARTIAL DISMISSAL ORDER; ORDER TO SHOW CAUSE |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court initially granted Petitioner's request to supplement his petition and file an amended petition. Thereafter, Petitioner filed an amended petition, containing three claims, none of which were presented in the original petition. It was unclear whether Petitioner intended to replace the original petition with his amended petition or whether Petitioner intended to present all of these claims in the instant federal habeas action. Therefore, the Court dismissed the amended petition with leave to amend. Petitioner has filed a second amended petition. The Court will dismiss two of Petitioner's claims and order Respondent to show cause why the second amended petition should not be granted as to the remaining claims.

**BACKGROUND**

A Santa Clara County Superior Court jury convicted Petitioner of pimping and pandering (Cal. Pen. Code §§ 266h, 266i) and lewd and lascivious acts on a minor (Cal. Pen. Code § 288(a)). Petitioner was sentenced to a term of one-hundred and five years-to-life in state prison. On direct appeal, the state appellate court reversed and remanded to the trial court for re-sentencing in 2003. The state supreme court denied a petition for review in 2003. Petitioner sought collateral review by filing a state habeas petition in the state appellate court and state supreme court, which were both denied. The instant federal habeas petition was filed on January 6, 2005.

**DISCUSSION**

A.  Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.  Petitioner's Claims

Petitioner alleges the following claims for federal habeas relief: (1) ineffective assistance of trial counsel; (2) the trial court erred by failing to instruct the jury that Elizabeth was an accomplice as to the charge in count three and that the jury could not convict him based solely on her uncorroborated testimony and that her testimony should be viewed with caution; (3) the trial court erred in failing to instruct on a lesser-included offense of recruiting for prostitution; (4) his sentence of one-hundred and five years-to-life violates the federal and California prohibition against cruel and unusual punishment; (5) his restitution order of $10,000 should be vacated because there was no hearing to determine that he was able to pay; (6) the trial court erred in prohibiting the jury from

1  learning that he faced a life sentence under the "Three Strikes" law; (7) his sentence
2  should be vacated because the new rule constitutes a "clear break" with the past and also
3  retroactivity should be properly treated in the present writ; and (8) the trial court erred by
4  not instructing the jury to deliberate on the fact that he would be convicted under the
5  "Three Strikes" law which should be proven beyond a reasonable doubt.

6  Claims five and seven are not cognizable because a writ of habeas corpus is
7  available under § 2254(a) "only on the basis of some transgression of federal law binding
8  on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing
9  Engle v. Isaac, 456 U.S. 107, 119 (1982)), cert. denied, 478 U.S. 1021 (1986).  It is
10 unavailable for violations of state law or for alleged error in the interpretation or
11 application of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle, 456 U.S.
12 at 119; Peltier v. Wright, 15 F.3d 860, 861-62 (9th Cir. 1994); see, e.g., Little v.
13 Crawford, 449 F.3d 1075, 1082 (9th Cir. 2006) (claim that state supreme court misapplied
14 state law or departed from its earlier decisions does not provide a ground for habeas
15 relief); Moore v. Rowland, 367 F.3d 1199, 1200 (9th Cir. 2004) (per curiam) (state's
16 violation of its separation-of-powers principles does not give rise to a federal due process
17 violation).  Petitioner does not allege any violation of a federal law, treaty or the
18 constitution in claims five and seven.  Accordingly, these claims are DISMISSED without
19 leave to amend.  Liberally construed, Petitioner's remaining claims are sufficient to
20 require a response.  The Court orders Respondent to show cause why the second amended
21 petition should not be granted as to the remaining claims.

22 **CONCLUSION**

23   1.   Claims five and seven of the instant petition are DISMISSED without leave
24 to amend.

25   2.   The Clerk shall serve by mail a copy of this order and the second amended
26 petition (docket no. 7) and all attachments thereto upon Respondent and Respondent's
27 attorney, the Attorney General of the State of California.  The Clerk shall also serve a
28 copy of this order on the Petitioner.

Partial Dismissal Order; Order to Show Cause
P:\pro-se\sj.jf\hc.05\Rogers069osc            3

1       3.      Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving a copy on Respondent within **thirty days** of his receipt of the answer.

4.      Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

5.      It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: __4/30/07_____

JEREMY FOGEL
United States District Judge

Partial Dismissal Order; Order to Show Cause
P:\pro-se\sj.jf\hc.05\Rogers069osc                4

1  A copy of this ruling was mailed to the following:

2

3  Charles A. Rogers
H-34159
CSP - Corcoran
4  P.O. Box 5246
Fac-D3-125
5  Corcoran, CA  93212

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Partial Dismissal Order; Order to Show Cause
P:\pro-se\sj.jf\hc.05\Rogers069osc                5